# IN THE COURT OF APPEALS OF IOWA

No. 15-0507
Filed November 9, 2016

**IN RE THE DETENTION OF
DEON TEON CAMPBELL,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Lars G. Anderson, Judge.

A respondent appeals his civil commitment as a sexually violent predator.
**AFFIRMED.**

Michael H. Adams, Local Public Defender, and Steven Addington, Assistant Public Defender, Special Defense Unit, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, Presiding Judge.**

Deon Campbell appeals his civil commitment pursuant to Iowa Code chapter 229A (2011), claiming his diagnosis of "other specified personality disorder" was insufficient to support his commitment and violated his substantive due process rights under the state and federal constitutions.

I.      Background Facts and Proceedings

Campbell has an extensive criminal history, which includes convictions for theft, battery, operating while intoxicated, criminal trespass, disorderly conduct, and domestic battery. In 2009, Campbell was convicted of sexual abuse in the third degree based on an incident involving sexual contact with two teenagers. While incarcerated, Campbell participated in sexual offender treatment but was dismissed from the program because of sexually explicit letters he wrote. Campbell also received sexual infractions in prison for masturbating in front of a corrections officer and for being in the shower with another inmate, as well as several infractions for fighting.

In 2012, the State filed a petition, which asserted Campbell was a sexually violent predator and should be civilly committed pursuant to Iowa Code chapter 229A. Subsequently, the district court found probable cause existed to conclude Campbell was a sexually violent predator, ordered an evaluation, and set trial for the commitment proceeding. After Campbell waived his right to a jury trial, the matter proceeded to trial in 2015. The State's expert diagnosed Campbell with other specified personality disorder with anti-social features. The expert stated Campbell's condition "predisposes him to reoffend, and on the actuarial instruments, his risk of reoffending is really very very high." Campbell's expert

disagreed and criticized the diagnosis of other specified personality disorder as being "vague." The expert also opined Campbell does not have a mental abnormality.

On March 1, 2015, the district court issued its ruling, which found Campbell did have a mental abnormality under Iowa law. In reaching this conclusion, the court stated: "[The State's expert's] diagnosis was supported by specific instances of conduct." In finding Campbell was likely to reoffend, the court noted: (1) individual criteria the State's expert based her conclusions on, including that Campbell did not complete sex offender treatment, to find Campbell was likely to commit sexually violent offenses; (2) the incidents that led to the infractions Campbell committed in prison; (3) Campbell's rationalizations for his behavior, as observed by the State's expert and the court; and (4) Campbell's testimony at trial. Campbell appeals.

II.     Standard of Review

"When violation of a constitutional right is claimed, the standard of review is de novo." *In re Detention of Barnes*, 689 N.W.2d 455, 457 (Iowa 2004). In applying this standard, we perform an independent review of the entire record and, while we are not bound by the district court's findings regarding the credibility of witnesses, we give deference to those findings. *Id.* Challenges to the sufficiency of the evidence are reviewed for errors at law. *Id.*

III.    Mental Abnormality

Campbell argues the district court erred because a diagnosis of other specified personality disorder is not sufficient to serve as a basis for civil commitment. Specifically, Campbell claims the State failed to present sufficient

evidence he suffered from a mental abnormality that made him likely to commit sexually violent offenses.

The State may petition for the civil commitment of a person determined to be a sexually violent predator. *See* Iowa Code § 229A.4. A person qualifies as a sexually violent predator if they have "been convicted of or charged with a sexually violent offense and [suffer] from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." *Id.* § 229A.2(12). A person has a mental abnormality if they suffer from "a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(6). In determining whether a person suffers from a mental abnormality, the court is not limited to particular categories of diagnoses; rather, the critical questions are whether the condition is congenital or acquired and whether the condition affects the emotional or volitional capacity of the particular individual. *Barnes*, 689 N.W.2d at 458–59.

The district court heard competing testimony from two experts. The court determined the State's expert's opinion was supported by specific instances of conduct, which were undisputed in the record and concluded Campbell suffered from a mental abnormality. Based on our review of the record, we agree with the district court's findings and determination the State's expert was more credible. *See State v. Jacobs*, 607 N.W.2d 679, 685 (Iowa 2000) ("When a case evolves into a battle of experts, we, as the reviewing court, readily defer to the district

court's judgment as it is in a better position to weigh the credibility of the witnesses.").

Next, the district court determined that Campbell's mental abnormality affected his emotional or volitional capacity such that it made him likely to commit sexually violent offenses. The court relied on many factors, including: the testimony of the State's expert, problems it perceived in Campbell's expert's methodology, Campbell's failure to complete sex offender treatment, Campbell's sexual and nonsexual infractions in prison, and Campbell's repeated "rationalization, justification, and minimization" of his conduct. Again, we defer to the district court's resolution of the competing expert opinions and other testimony. *See id.* Additionally, upon our de novo review of the record as a whole, we agree the facts relied on by the district court provided sufficient evidence that Campbell was likely to commit sexually violent offenses.

IV.    Conclusion

Because we conclude sufficient evidence supported the conclusion Campbell suffered from a mental abnormality that made him likely to commit sexually violent offenses, we affirm the district court's order of civil commitment pursuant to Iowa Code chapter 229A.

**AFFIRMED.**